FILED
SUPERIOR COURT
OF GUAM

2021 SEP 10 PM 3: 04

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PITT COUNTY MEMORIAL HOSPITAL, INCORPORATED<br><br>Plaintiff,<br><br>v.<br><br>SHERIF ANTOUN PHILLIPS, M.D.<br><br>Defendant. | Civil Case No. CV0478-18<br><br>DECISION AND ORDER DENYING DEFENDANT'S MOTION OF RECUSAL & DISQUALIFICATION |

### INTRODUCTION

This Court sits as the court designated to review and determine the Motion of Recusal & Disqualification of Judge Elzye M. Iriarte ("Motion") filed by Defendant Sherif Antoun Phillips, M.D. ("Defendant"). Having found no grounds to disqualify Judge Iriarte, the Court **DENIES** Defendant's Motion.

### BACKGROUND

On July 23, 2021, Defendant Sherif Antoun Phillips, M.D. ("Defendant") filed his Motion of Recusal & Disqualification. Defendant claims he will not receive a fair trial under Judge Iriarte as she has a demonstrated history of making errant rulings favoring the Plaintiffs. Motion at ¶ 7 (Jul. 23, 2021). Defendant lists multiple rulings attributed to Judge Iriarte that he believes demonstrate this abuse of discretion. Id. at ¶ 7. These decisions include denying Defendant's Rule 60(b) request for "Relief and Put Aside All Orders of Guam Superior Court" without having an oral argument on the matter. Id. at ¶ 7(g). Defendant also accuses the Court of being unprepared, having not known a North Carolina order wasn't final and twice scheduling Remote Hearings without having any agenda set forward. Id. at ¶ 7(j)-(k). Defendant then points out that in the two

years this case has gone before Judge Iriarte, she has never once granted any of his motions. Id. at 3.

On August 5, 2021, Judge Iriarte filed her Answer to Motion of Recusal & Disqualification ("Answer"). Judge Iriarte argued that Defendant failed to meet the burden of proof required for a disqualification, and that none of her decisions in this case demonstrate bias for or against a particular party. Answer at ¶ 7 (Aug. 5, 2021).

The undersigned Judge was then assigned to review Defendant's Motion. Notice of Assignment of Recusal Judge (Aug. 6, 2021).

## DISCUSSION

### I.    The Standard for Disqualification: 7 G.C.A. § 6105

A judge is disqualified from presiding over a matter in which her impartiality may reasonably be questioned or where she possesses a personal bias or prejudice concerning a party. 7 G.C.A. § 6105(a)-(b)(1). In interpreting the subtantive grounds for disqualification, "what matters is the appearance of bias, not actual bias." *People v. Camaddu*, 2015 Guam 2 ¶ 74 (internal quotation marks omitted) (*citing Van Dox v. Superior Court*, 2008 Guam 7 ¶ 32). Thus, a judge who is in fact unbiased, must still disqualify themselves if the public can reasonably question the fairness of the legal proceedings. *See Dizon v. Superior Court of Guam*, 1998 Guam 3 ¶ 15 ("[t]he standard is whether a reasonable person could doubt [the judge's] ability to be impartial").

### I.    Judge Iriarte's Rulings Do Not Furnish a Basis for Disqualification.

If a party believes a judge is disqualified based on earlier rulings, the party must demonstrate the judge's behavior "was so extreme as to display clear inability to render a fair judgment." *See People of Guam v. Tennessen*, 2010 Guam 12 ¶ 34 (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1214-15 (9th Cir. 2005)). "On the other hand, 'expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women … sometimes display' do not establish bias." Id. (citing *Liteky v. U.S.*, 510 U.S. 540, 555-556 (1990)).

Here, the Defendant generally alleges that Judge Iriarte has demonstrated a bias through her decisions and in the pattern of ruling in Plaintiff's favor. On the first point, Defendant does not point to any particular language in Judge Iriarte's rulings that demonstrate a bias. Absent any particular language that might convey some bias, the Court accepts Judge Iriartes' explanation that deep-seated favoritism for or antagonism against Defendant have not influenced her decisions.

Regarding the pattern of rulings, the Guam Supreme Court has not reversed any of Judge Iriarte's decisions taken up on appeal. *See* CVA20-016 (Order (Jun. 24, 2021)) (dismissing interlocutory appeal on procedural grounds); CVA20-002 (Order (Dec. 4, 2020)) (dismissing appeal based on Defendant's procedural errors). An issue being decided adversely against a party does not alone prove the existence of bias. Defendant is not alleging the Guam Supreme Court is biased against him, but he uses that same logic in his request to disqualify Judge Iriarte.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. This Court returns this matter to Judge Iriarte for further disposition.

**IT IS SO ORDERED** this __September 10, 2021__.



**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_PCump, Sheriff_

_Aw iv LH_

Date: _____ Time: _9/14/21_

_Joseph Bamba Jr._
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**